IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ADRIEL AYON NUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 08-184-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| IDAHO ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for

Summary Dismissal (Docket No. 6).  Petitioner received a copy of the Notice to Pro Se

Litigants of the Summary Judgment Rule Requirements (Docket No. 7) and filed a

Response to the Motion (Docket No. 10).  Having reviewed Respondent's Motion,

Petitioner's Response, and the surrounding state court record, the Court finds that oral

argument is unnecessary.  *See* D. Idaho L. Civ. R. 7.1.  Accordingly, the Court enters the

following Order:

## I.  FACTUAL BACKGROUND[1]

On July 2, 2002, a state highway patrolman stopped a 1996 Camaro with Arizona

license plates for speeding on U.S. 93 near Twin Falls, Idaho.  Adriel Ayon Nunez

---

[1]  The following background facts are adapted from the Idaho Court of Appeals decision, affirming summary dismissal of Petitioner's post-conviction relief appeal.  *See* State's Lodging at Ex. D-6, pp. 1-2.

**MEMORANDUM ORDER - 1**

(hereinafter "Petitioner") was the driver; he was unable to communicate directly with the officer in English, but communicated instead through his passenger, Thomas Perez ("Perez").

Petitioner failed to produce a driver's license or any other valid identification.[2] Moreover, a registration check confirmed that neither Petitioner nor Perez was the registered owner of the Camaro.  Perez eventually produced proof of insurance for the vehicle and an Arizona driver's license that identified himself; however, Perez was unable to produce a valid vehicle registration for the Camaro.  Perez indicated that his "old lady" owned the Camaro, but was unable to give the patrolman her name. Regardless, Perez's address did not match the address of the Camaro's registered owner and the patrolman's immediate attempt to contact the registered owner was unsuccessful.

Unable to ascertain either Petitioner's identity or the ownership of the Camaro (and, likewise, any permission to use the Camaro), the patrolman and another officer who arrived at the scene made the decision to impound the Camaro until its ownership could be confirmed.  Contemporaneously, the officers contacted the federal border patrol to inquire about the citizenship status of both Petitioner and Perez.  In the meantime, the officers had Petitioner and Perez step out of the Camaro, patted them down for weapons, and informed them that if the Camaro's registered owner confirmed their permission to use the Camaro, it would be returned.

---

[2]  During the traffic stop, Petitioner ultimately produced a "work-type identification card" that lacked vital statistics.

**MEMORANDUM ORDER - 2**

During the impound inventory examination, the officers discovered nearly six (6)

pounds of methamphetamine in the Camaro.  The officers then cancelled the border patrol

request and instead asked that Idaho State Police detectives meet with them.  Perez told

the detectives through an interpreter that he was paid $2,000 by a man in Phoenix,

Arizona to transport the above-referenced drugs with Petitioner and that Petitioner

previously made similar deliveries.

## II.  PROCEDURAL BACKGROUND

Petitioner was charged, tried, and, on June 25, 2003, convicted of trafficking in

methamphetamine.  *See* State's Lodging at Ex. A-1, pp. 108 & 109.[3]  On August 28,

2003, Petitioner was committed to the custody and supervision of the Idaho State Board

of Corrections at Boise for a period not to exceed twenty-five (25) years - fifteen (15)

years determinate, ten (10) years indeterminate.  *See id*. at pp. 129 & 130.

On October 3, 2003, Petitioner timely appealed, challenging only the length of his

sentence.  *See id*. at pp. 134-137; *see also* State's Lodging at Ex. B-1 ("[Petitioner] asserts

that the district court abused its discretion by imposing an excessive sentence upon him in

light of his family support and ability to maintain gainful employment.").  Petitioner's

sentence was affirmed on appeal in an October 19, 2004 unpublished opinion.  *See* State's

Lodging at Ex. B-4.  On December 20, 2004, the Idaho Supreme Court declined to review

the appellate court's decision.  *See* State's Lodging at Ex. B-7.

---

[3] Also on June 25, 2003, Petitioner was convicted of being a persistent violator, based
upon two prior felony convictions in the State of California.  *See id*. at pp. 115 & 116.

**MEMORANDUM ORDER - 3**

On July 18, 2005, Petitioner initiated a state post-conviction proceeding, raising numerous grounds for relief in his application, including ineffective assistance of counsel and substantive claims based on the facts underlying his related ineffective assistance of counsel claims.  *See* State's Lodging at Ex. C-1, pp. 4-15.  On August 8, 2005, the State filed an answer (*see* State's Lodging at Ex. C-1, pp. 79-85) and, on January 20, 2006, filed a Motion for Summary Dismissal (*see id*. at pp. 86-87; *see also* State's Lodging at Ex. C-2) as to each of Petitioner's claims.

On May 22, 2006, the trial court heard the State's Motion for Summary Dismissal (*see* State's Lodging at Ex. C-4, pp. 10-74), ultimately dismissing all of Petitioner's substantive claims and all of Petitioner's ineffective assistance of counsel claims on May 25, 2006, with the exception of Petitioner's claim that his trial counsel was ineffective for failing to investigate whether Petitioner was, in fact, speeding when the patrolman conducted the traffic stop (*see* State's Lodging at Ex. C-1, pp. 93 & 94).  On June 13, 2006, the trial court held an evidentiary hearing on Petitioner's remaining claim (*see* State's Lodging at Ex. C-4, pp. 76-105), later dismissing that claim and, ultimately, Petitioner's petition on June 22, 2006 (*see* State's Lodging at Ex. C-1, pp. 97-106).

On June 26, 2006, Petitioner timely appealed the summary dismissal of one encompassing issue.  *See id*. at pp. 108-110.  Specifically, Petitioner questioned whether the Camaro he was driving was illegally searched and, relatedly, whether his trial counsel did not provide effective assistance by failing to move to suppress the evidence obtained as a result of that search. *See* State's Lodging at Ex. D-3.

**MEMORANDUM ORDER - 4**

On January 4, 2008, the Idaho Court of Appeals affirmed the summary dismissal of Petitioner's application for post-conviction relief.  *See* State's Lodging at Ex. D-6.  In holding that Petitioner did not have standing to raise a Fourth Amendment claim, the Idaho Court of Appeals reasoned:

> The State points out that nowhere in the underlying criminal record, or in any of the affidavits or the portions of the trial and preliminary hearing transcripts attached to [Petitioner's] post-conviction application, is there any evidence that [Petitioner] ever told the troopers that he had permission to drive the Camaro either from the passenger, from the passenger's wife or from any other authorized person connected with the vehicle, or claimed that the passenger or his wife were the registered owners, or otherwise had any interest in the Camaro or an expectation of privacy therein. [Petitioner] did not include with his application any other documentation, affidavits from the passenger or the passenger's wife, or other admissible evidence to establish the ownership of the vehicle or permission from the owner or anyone for him to operate the Camaro.  Neither the passenger nor [Petitioner] produced any valid identification or any information regarding who owned the car when asked by the troopers, and the troopers testified at both the preliminary hearing and at the trial that the passenger was not the registered owner of the vehicle and had a different address on his Arizona driver's license than the person who was the registered owner.

*See id*. at p. 6.  On January 25, 2008, Petitioner timely filed a Petition for Review with the Idaho Supreme Court.  *See* State's Lodging at Ex. D-7.  In his Brief in Support of Petition for Review (*see* State's Lodging at Ex. D-8), Petitioner argues that the matter should be remanded for an evidentiary hearing as to "whether [Petitioner][4] had standing to challenge

---

[4] Petitioner's Brief in Support of Petition for Review specifically frames the issue as whether "Mr. Perez" had standing to challenge the search of the Camaro.  *See* State's Lodging at Ex. D-8, p. 5.  It is clear, however, from the balance of the Petition that Petitioner intended to argue in favor of *his* own standing, not Mr. Perez's.

**MEMORANDUM ORDER - 5**

the search of the Camaro.  *See* State's Lodging at Ex. D-8, p. 5.  The Idaho Supreme

Court denied Petitioner's Petition for Review on March 24, 2008, issuing a Remittitur on

March 26, 2008 (*see* State's Lodging at Exs. D-9 & D-10).

Petitioner next filed his Petition for Writ of Habeas Corpus (Docket No. 1) in this

Court on April 24, 2008.  Petitioner claims that his trial counsel was constitutionally

ineffective by (1) "fail[ing] to preserve for direct appeal the claim that the officers

illegally searched the [Camaro] that Petitioner was driving at the time of the traffic stop;"

(2) "fail[ing] to object - and preserve for appeal - the claim that I.S.P. officer Ted

McIntyre made false or erroneous statements under oath;"[5] (3) "fail[ing] to object to - and

preserve for the Record on appeal - the unlawful arrest of [Petitioner] on July 2, 2002."

*See* Pet. for Writ of Habeas Corpus, p. 2 (Docket No. 1).  Petitioner includes a fourth,

general claim, entitled:  "Illegal Search and Seizure - A Fourth Amendment Violation."

*See id.* at p. 3.

On July 7, 2008, Respondent moved for summary dismissal (Docket No. 6);

Petitioner responded on July 21, 2008 (Docket No. 10); and Respondent lodged a reply on

August 7, 2008 (Docket No. 11).  This matter is now ripe for resolution.

### III.  LEGAL STANDARDS

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily

dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the

---

[5] Petitioner disputes the patrolman's testimony "that [Petitioner] gave him a false social security number and that he provided no date of birth."  *See* Pet. for Writ of Habeas Corpus, p. 2 (Docket No. 1).

**MEMORANDUM ORDER - 6**

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such cases, the Court construes the facts in a light most favorable to the petitioner. When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1281 (9th Cir. 1986). A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. Accordingly, the Court shall take judicial notice of those portions of the state court record lodged by the parties.

Relevant here, a habeas petitioner must first exhaust his state court remedies before presenting a constitutional claim to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State court remedies have been properly exhausted when the petitioner has fairly presented the claim at each level of the state's appellate review process, giving the state courts a full opportunity to pass on and correct the alleged constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In Idaho, this means that a state prisoner must have at least filed a petition for review in the Idaho Supreme Court that squarely presents the federal basis for the claim.

The mere similarity between a state law claim and a federal claim does not constitute proper exhaustion of the federal claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Instead, the petitioner must ordinarily cite the constitutional provision that supports his claim, federal cases that apply the constitutional rule, or state court cases that clearly analyze the federal claim. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000);

**MEMORANDUM ORDER - 7**

*Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

A habeas petitioner's failure to raise a constitutional claim in state court will result in a procedural default if the petitioner would now be barred from raising the claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A procedurally defaulted claim will not be considered unless the petitioner can establish cause for the default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *See Murray*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390,

**MEMORANDUM ORDER - 8**

404 (1993).

# IV.  DISCUSSION

Through its Motion for Summary Dismissal (Docket Nos. 6, 6 Att. 2), Respondent argues that Petitioner failed to exhaust *all* of his claims in state court such that each claim is procedurally defaulted and must be dismissed.  *See* Brief in Supp. of Resp.'s Mot. for Summ. Dismissal, pp. 9-11 (Docket No. 6, Att. 2).

## A.    Claim One: Ineffective Assistance of Counsel - Failure to File Motion to Suppress

Respondent claims that Petitioner's "general recitation of the standards applicable to ineffective assistance of counsel claims cannot be considered sufficient to fairly present the merits" of his claim that trial counsel was ineffective in failing to pursue a motion to suppress the evidence obtained following the Camaro's search.  *See id*. at p. 10 ("[Petitioner] should not be permitted to pursue habeas relief where he failed to fairly present and adequately support his claims in state court, as required by state law.").  While the Court does not disagree with the general standard offered by Respondent, it does not share Respondent's belief that Petitioner failed to meet that standard with respect to his first habeas claim for the four reasons identified below.

First, at Paragraph 9(g) of his Petition and Affidavit for Post-Conviction Relief (*see* State's Lodging at Ex. C-1), Petitioner asserted in no uncertain terms that his "trial counsel failed to preserve for appeal by not timely objecting to the illegal search and seizure of the vehicle on July 2nd, 2002.  *See id*. at p. 9.

MEMORANDUM ORDER - 9

Second, following the trial court's summary dismissal of this initial claim,

Petitioner's appellate brief likewise framed the relevant issue as whether the district court

erred in summarily dismissing Petitioner's Petition for Post-Conviction Relief "because

there existed genuine issues of fact involving trial counsel's failure to pursue a motion to

suppress . . . .," citing explicitly to *Strickland v. Washington*, 466 U.S. 668 (1984) - the

seminal case detailing the ineffective assistance of counsel standard.  *See* State's Lodging

at Ex. D-3, pp. 4-7.  In this respect, Petitioner acknowledged:

> In order to prevail on a claim for ineffective assistance of
> counsel, a petitioner must first show that his counsel's
> performance was so deficient that it resulted in petitioner being
> denied the right to counsel guaranteed by the Sixth Amendment
> . . . .  A petitioner must then show that, 'there is a reasonable
> probability that, but for counsel's unprofessional errors, the
> result of the proceeding would have been different.'

*See id*. at p. 7 (internal citations omitted).[6]

Third, when addressing Petitioner's appeal of the trial court's summary dismissal

of his ineffective assistance of counsel claim, the Idaho Court of Appeals understood

*Strickland's* application to Petitioner's ineffective assistance of counsel claim, stating:

> Insofar as review of [Petitioner's] claim of ineffective counsel
> is concerned, the petitioner must establish that his counsel's
> performance fell below an objective standard of reasonableness
> and that there was a reasonable probability that, but for
> counsel's errors, the result of the proceedings would have been
> different.

_____

[6] Respondent's appellate briefing similarly recognized Petitioner's ineffective assistance
of counsel claim, founded in his counsel's failure to challenge the search, by arguing against the
application of the standard outlined in *Strickland*.  *See* State's Lodging at Ex. D-4, pp. 16-20.

**MEMORANDUM ORDER - 10**

*See* State's Lodging at Ex. D-6, p. 4; *see also id*. at pp. 6-7 ("Counsel's conduct in not filing a motion that [Petitioner] did not have standing to pursue satisfies the test of the objective standard of reasonableness set forth in *Strickland v. Washington*, 466 U.S. at 687-88."); Pet.'s Resp. to Mot. for Summ. Dismissal, p. 3 (Docket No. 10) ("Finally, the Idaho Court of Appeals correctly recognized that *Strickland v. Washington*, 466 U.S. 664 (1984) set the controlling standard for claims of ineffective assistance of counsel . . . so there can be no doubt but [sic] that the Idaho courts correctly perceived the federal question that was being raised.").

Finally, in support of his Petition for Review to the Idaho Supreme Court (*see* State's Lodging at Ex. D-7), Petitioner again attempted to address the issue of his trial counsel's alleged shortcomings, arguing that his attorney erred in failing to pursue a motion to suppress.  *See* State's Lodging at Ex. D-8, pp. 6, 9-11.

These reasons, either singularly or in combination, represent the requisite "fair presentation" of this particular claim for ineffective assistance of counsel in Idaho's state court system.  As a consequence, it cannot be said that Petitioner did not properly exhaust this claim.  This is not to say, however, that Petitioner's claim succeeds on a substantive level; in fact, the opposite may very well be the case.  Until then, Petitioner's claim of ineffective assistance of counsel for failing to file a motion to suppress is adequately before this Court for resolution at the appropriate procedural stage and will not be summarily dismissed here.

**MEMORANDUM ORDER - 11**

**B.     Claim Two: Ineffective Assistance of Counsel - Failure to Object to Patrolman McIntyre's Allegedly False Testimony**

In Claim Two, Petitioner argues that his trial counsel failed to impeach Patrolman McIntyre's testimony at trial and, in failing to do so, supported his ineffective assistance of counsel claim.  *See* Pet. for Writ of Habeas Corpus, p. 2 (Docket No. 1).  Respondent counters that, in addition to failing to exhaust this claim in state court, it is not an independent basis for post-conviction relief.  *See* Brief in Supp. of Resp.'s Mot. for Summ. Dismissal, pp. 10-11 (Docket No. 6, Att. 2).  The Court agrees.  Indeed, within his briefing to the Idaho Court of Appeals, Petitioner conceded that this claim (identified as claim 9(I) in Petitioner's Petition and Affidavit for Post-Conviction Relief (*see* State's Lodging at Ex. C-1, p. 9)) represented the factual context of the underlying ineffective assistance of counsel claim and "not treated as an independent basis for post-conviction relief."  *See* State's Lodging at Ex. D-3, p. 1, n. 1.  Even if this second claim was viable, it was not properly vetted throughout the state courts.  Therefore, Petitioner's current attempt to raise this claim is improper and should be summarily dismissed.[7]

**C.     Claim Three: Ineffective Assistance of Counsel - Failure to Object to the Petitioner's Alleged Unlawful Arrest**

Petitioner next argues that his trial counsel erred in failing to object to his unlawful arrest.  *See* Pet. for Writ of Habeas Corpus, p. 2 (Docket No. 1).  Consistent with

---

[7]     Petitioner has not attempted to show cause and prejudice to excuse this default, or a fundamental miscarriage of justice.  Additionally, the Court has independently reviewed the record and found no reason to relieve Petitioner of this default.  Therefore, Respondent's Motion for Summary Dismissal shall be granted in this respect.

**MEMORANDUM ORDER - 12**

Petitioner's second claim (*see supra* at p. 12), Petitioner's third claim is offered not as an independent basis for post-conviction relief, but as a contextual basis for supporting Petitioner's ineffective assistance of counsel claim.  *See id.*[8]  Moreover, there is no evidence in the record that this claim was properly exhausted throughout the state courts. Therefore, as with his second claim, Petitioner's current attempt to raise this claim is improper and should be summarily dismissed.[9]

### D.    Claim Four: Illegal Search and Seizure - Fourth Amendment Violation

Petitioner argues generally that his Fourth Amendment rights were violated when the patrolmen searched the Camaro, given his alleged "legitimate expectation of privacy" interest in the at-issue vehicle.  *See* Pet. for Writ of Habeas Corpus, p. 3 (Docket No. 1). According to Respondent, this final claim "was only raised in the context of whether counsel was ineffective in failing to file a motion to suppress, not as an independent Fourth Amendment Violation."  *See* Brief in Supp. of Resp.'s Mot. for Summ. Dismissal, p. 11 (Docket No. 6, Att. 2).  The Court agrees, particularly when considering that Petitioner's briefing before the state courts did not highlight an *independent* Fourth Amendment violation as a basis for post-conviction relief; rather, as Respondent notes, it

---

[8]  Separately, to the extent this third claim is essentially another way of stating Petitioner's first claim, it is already subsumed by the analysis provided as to that first claim (*see supra* at pp. 9-12).

[9]  Petitioner has not attempted to show cause and prejudice to excuse this default, or a fundamental miscarriage of justice.  Additionally, the Court has independently reviewed the record and found no reason to relieve Petitioner of this default.  Therefore, Respondent's Motion for Summary Dismissal shall be granted in this respect.

**MEMORANDUM ORDER - 13**

offers the impetus for Petitioner's viable (*see supra* at pp. 9-11) ineffective assistance of counsel claim for failing to file a motion to suppress based on an alleged violation of the Fourth Amendment.

Further, Petitioner is precluded from asserting this claim before this Court under *Stone v. Powell*, 428 U.S. 465 (1976).  There, the United States Supreme Court held that where a petitioner received a full and fair opportunity to litigate a Fourth Amendment claim, he may not receive federal habeas relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial.  *See id*. at 494.  Here, there are no allegations that the state court processes prevented the opportunity for Petitioner to litigate any Fourth Amendment claim on its merits.  *See e.g.*, *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) ("The relevant inquiry is whether petitioner had the opportunity to litigate his claim, *not whether he did in fact do so or even whether the claim was correctly decided*.") (Emphasis added).  As a consequence, *Stone* further forecloses any review of this claim.

## V.  ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 6) is GRANTED in part and DENIED in part.

1.      Respondent's Motion is GRANTED with respect to Claims Two, Three, and Four.  Each claim will be dismissed with prejudice;

2.      Respondent's Motion is DENIED, with respect to Claim One; and

IT IS FURTHER ORDERED that Respondent shall file an answer to the non-

**MEMORANDUM ORDER - 14**

dismissed habeas claim under Rule 5 of the Rules Governing Section 2254 Cases within 60 days of the date of this Order.  The parties shall file all dispositive motions within 30 days after the answer is filed.  A dispositive motion, such as a motion for summary judgment, shall fully brief all claims on the merits and contain appropriate citations to the record.  Responses shall be due within 30 days after service of motions.  Reply briefs shall be due within 14 days after service of responses.

DATED:  **February 26, 2009**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 15**