IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| ADRIEL AYON NUÑEZ, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Case No. CV 08-00184-S-EJL |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| IDAHO ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Judgment. (Docket No. 19.) Petitioner has filed a Response (Docket No. 23), and the Motion is now at issue.[1]

The Court finds that the parties have adequately presented the facts and legal argument in their briefing, and it will resolve this matter on the written record without oral argument. D. Idaho L. Civil R. 7.1(d). The Court will grant Respondent's Motion, and the case shall be dismissed.

## BACKGROUND

The Idaho Court of Appeals recited the relevant facts in this case as follows:

> On July 2, 2002, a state highway patrolman stopped a 1996 Camaro with an Arizona license plate for speeding on U.S. 93 near Twin Falls. Nunez [Petitioner] was the driver. He was unable to directly communicate with the officer in English, but communicated through his passenger, Thomas Perez.

---

[1] Also pending is Petitioner's Motion for Appointment of Counsel. (Docket No. 15.) Petitioner has been able to articulate his arguments clearly and sufficiently to the Court, and the Court has considered his Response in full. Therefore, his Motion shall be denied.

**MEMORANDUM ORDER - 1**

> Nunez failed to produce a driver's license or any other valid identification, and a registration check confirmed that neither Nunez nor Thomas Perez was the registered owner of the Camaro. Nunez did produce a "work-type identification card" that lacked vital statistics. Perez produced proof of insurance of the vehicle and an Arizona driver's license that identified him, but he was unable to produce a valid vehicle registration for the Camaro. Perez indicated that his "old lady" owned the vehicle but he was unable to give the trooper her name. According to the State's brief in the district court (citing evidence submitted at Nunez's preliminary hearing), Perez's address did not match the address of the registered owner and the officer's attempts to contact the registered owner were fruitless. Unable to ascertain Nunez's identity and the ownership of the vehicle, the trooper and another officer who had arrived at the scene decided to impound the vehicle until ownership of it could be confirmed, and called the federal border patrol to inquire about the citizenship status of Nunez and Perez. The officers had Nunez and Perez step out of the vehicle, patted them down for weapons, and informed them that if the officers could contact the registered owner of the Camaro and confirm that Perez or Nunez had permission to drive it, then the car would be returned. During the impound inventory examination, the officers discovered nearly six pounds of methamphetamine in the Camaro. The trooper cancelled the border patrol request and instead asked that Idaho State Police detectives meet with them. Perez told the detectives through an interpreter that he had been paid $2,000 by a man in Phoenix to transport the drugs with Nunez and that Nunez had made prior deliveries.

(State's Lodging D-6, pp.1-2.)

After a jury trial in state district court, Petitioner was convicted of trafficking in methamphetamine. (State's Lodging A-1, pp. 108-09.) The jury also found Petitioner to be a persistent violator of the law, which subjected him to a sentencing enhancement, and the district court sentenced him to 25 years in prison, with the first 15 years fixed. (State's Lodging A-1, pp. 129-30.) On appeal, Petitioner challenged only the length of his sentence, and the Idaho Court of Appeals affirmed. (State's Lodging B-4.) The Idaho Supreme Court declined to review the case. (State's Lodging B-7.)

**MEMORANDUM ORDER - 2**

Petitioner next filed an application for post-conviction relief, raising numerous claims, including claims of ineffective assistance of trial counsel for not filing a motion to suppress the methamphetamine as the product of an unlawful search of the Camaro. (State's Lodging C-1, pp. 1-12.) The district court summarily dismissed several claims and then held an evidentiary hearing on a single claim of ineffective assistance of counsel. (State's Lodging C-1, pp. 97-106.) On appeal, the Idaho Court of Appeals concluded that Petitioner's counsel could not have been ineffective in failing to file a motion to suppress because Petitioner lacked standing to challenge a search of the car. (State's Lodging D-6, p. 6.) The Idaho Supreme Court denied Petitioner's petition for review. (State's Lodging D-9.)

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on April 24, 2009, raising four claims. (Docket No. 1.) The Court has since dismissed Claims 2, 3, and 4, but it ordered Respondent to file an answer to Claim 1, which the Court has construed as essentially the same claim of ineffective assistance of counsel that the Idaho Court of Appeals denied in the post-conviction appeal. (Docket No. 12, pp. 14-15.) Respondent has now submitted his Answer, together with a Motion for Summary Judgment. (Docket Nos. 14, 15.) Petitioner has responded to the Motion, and the matter is now ripe for the Court's ruling.

## STANDARD OF LAW

The Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure. Rule 11 of the Rules Governing Section 2254 Cases. Under Rule 56(c) of the Federal Rules of Civil

Procedure, summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment procedure is applicable to habeas proceedings, *see Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977), but a motion for summary judgment must be reviewed in light of the substantive law and standards governing federal habeas proceedings.

Those standards are found in the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, the Court cannot grant habeas relief on any federal claim that the state court adjudicated on the merits unless the adjudication of the claim:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d)(1) has two clauses, each with independent meaning. For a decision to be "contrary to" clearly established federal law, the petitioner must establish that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

To satisfy the "unreasonable application" clause, the petitioner must show that the

**MEMORANDUM ORDER - 4**

state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002). The state court need not cite or even be aware of the controlling United States Supreme Court decision to be entitled to AEDPA deference. *Early v. Packer*, 537 U.S. 3, 8 (2002). Though the source of clearly established federal law must come from the holdings of the Supreme Court, circuit law may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*.

Under all circumstances, state court findings of fact are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

In his remaining claim, Petitioner alleges that he was deprived of his Sixth Amendment right to the effective assistance of counsel because his appointed attorney failed

**MEMORANDUM ORDER - 5**

to file a motion to suppress in the state trial court. (Docket No. 1, p. 2.) For the reasons that follow, Petitioner has not shown that he is entitled to habeas relief.

The federal law governing ineffective assistance of counsel claims is derived from *Strickland v. Washington*, 466 U.S. 668 (1984). To prove a violation of the Sixth Amendment under *Strickland*, a petitioner must show both that his counsel's performance fell below an objective standard of reasonably competent assistance and that the defense was prejudiced as a result. *Id.* at 687. To show prejudice, the petitioner must establish that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. More specifically, a petitioner who claims that his counsel failed to litigate a Fourth Amendment claim competently must prove that "his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

In the last reasoned state court decision, the Idaho Court of Appeals concluded that Petitioner's ineffective assistance of counsel claim lacked merit because his counsel could not have presented a successful argument for suppression. (State's Lodging D-6, pp. 5-6.) In reaching that conclusion, the state court found that Petitioner had not offered evidence to establish "that he had a privacy interest in the vehicle such that he was entitled to the exclusion of the resulting incriminating evidence obtain by the officer's inventory search." (State's Lodging D-6, p. 6.) This decision is not contrary to or an unreasonable application of *Strickland* or *Kimmelman*, nor was it based on an unreasonable determination of the facts

**MEMORANDUM ORDER - 6**

in light of the evidence presented. 28 U.S.C. § 2254(d).

The Fourth Amendment protects an individual against "unreasonable searches and seizures," U.S. Const. Amend. IV., but its applicability depends on "whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." *Smith v. Maryland*, 442 U.S. 735, 740 (1979) (citations omitted). In other words, the individual must show that he had a subjective expectation of privacy in the object of the challenged search and that his expectation is one that society would view as reasonable. *California v. Ciraolo*, 476 U.S. 207, 211 (1987) (citation omitted); *see Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980) (person challenging the search has the burden of proving a legitimate expectation of privacy).

The owner of an automobile generally has a legitimate expectation of privacy in the car and has standing to object to a search. *See*, *e.g.*, *United States v. Kovac*, 795 F.2d 1509, 1510-11 (9th Cir.1986) (citing *Rakas v. Illinois*, 439 U.S. 128, 144 n. 12 (1978). In contrast, "a person does not possess a reasonable expectation of privacy in an item in which he has no possessory or ownership interest." *United States v. Cormier*, 220 F.3d 1103, 1108 (9th Cir. 2000). When an automobile is searched, then, standing is established only by a showing of ownership or a legitimate possessory interest in the car. *United States v. Thomas*, 447 F.3d 1191, 1198 (9th Cir. 2008). A person driving a car, but who does not own it, may have such an interest if the owner or leaseholder has specifically authorized him to use it. *See Thomas*, 447 F.3d at 1198 (unauthorized rental car driver did not have standing to challenge search because he was not given permission by authorized driver); *see also United States v. Portillo*,

**MEMORANDUM ORDER - 7**

633 F.2d 1313, 1317 (9th Cir. 1980) (driver had standing because owner of the car give him permission to use it).

In this case, Petitioner offered no evidence in state court that would tend to prove that he was the owner of the Camaro or that he had authorization from the owner to drive it. When state troopers stopped the car, he did not have a valid driver's license or registration papers showing ownership, and a registration check indicated that neither Petitioner nor his passenger, Perez, was the registered owner. (State's Lodging D-6, pp. 1-2.) While Perez told the troopers that his "old lady" owned the car, he was unable to give them a valid name, and the insurance papers that he gave the troopers did not match his information. (State's Lodging D-6, p. 2.) Though Petitioner also claimed in the post-conviction proceeding that Perez's wife owned the car and that she had given him permission to drive it, he "did not include with his application [for post-conviction relief] any other documentation, affidavits from the passenger or the passenger's wife, or any other admissible evidence to establish ownership of the vehicle or permission from the owner or anyone to operate the Camaro." (State's Lodging D-6, p. 6.) Accordingly, the Idaho Court of Appeals' determination that Petitioner did not prove that he had standing to challenge the search of the Camaro, and thus that his counsel could not be ineffective in failing to file a motion to suppress, is reasonable.

Based on the foregoing, the Court concludes that Respondent is entitled to judgment as a matter of law. Because no claims remain outstanding, this case shall be dismissed.

## CERTIFICATE OF APPEALABILITY

In the event Petitioner files a timely notice of appeal from the Court's Judgment, the

**MEMORANDUM ORDER - 8**

Court on its own initiative has evaluated the claims within the Petition for suitability for the issuance of a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases.  A habeas petitioner cannot appeal unless a COA has been issued.  28 U.S.C. § 2253.  A COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This showing can be established by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

The Court finds that reasonable jurists would not debate the Court's determination that the claims in this case fail under 28 U.S.C. § 2254(d), and no COA shall issue.  Petitioner is advised that he may still seek a COA in the Ninth Circuit Court of Appeals, pursuant to Rule 22 of the Federal Rules of Appellate Procedure and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal in this Court.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 15) is DENIED.

IT IS FURTHER ORDERED that Respondent's Motion for Summary Judgment (Docket No. 19) is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealabilty shall not issue in this

case. If Petitioner files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **March 15, 2010**

*/s/ Edward J. Lodge*
~~Honora~~ble Edward J. Lodge
U. S. District Judge